UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  GEORGE EASF SHAHEEN,                     Case No. 11-31102-KRH
                                                 Chapter 7
                Debtor.

LYNN L. TAVENNER, TRUSTEE,

                Plaintiff,
v.                                               APN 13-03036-KRH

GLORIA DEAN SHAHEEN,

                Defendant.

**MEMORANDUM OPINION**

Before the Court is the motion of Defendant, Gloria Dean Shaheen ("Shaheen"), requesting relief from the Court's Order for Turnover of Annuity entered October 18, 2013 (the "Order") under Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Motion to Reconsider"). The Motion to Reconsider was argued before the Court on November 19, 2013 (the "Hearing on the Motion to Reconsider"). At the conclusion of the Hearing on the Motion to Reconsider, the Court announced that it was going to deny the Motion to Reconsider. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1]

The Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(a), 1334 and 1452 and the general order of reference from the United States

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O) in which final orders or judgments may be rendered by a bankruptcy judge. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

This Adversary Proceeding arises out of the Chapter 7 Bankruptcy Case filed by George Easf Shaheen (the "Debtor) on February 22, 2011 (the "Petition Date") in this Court. Lynn L. Tavenner is the duly appointed and acting trustee for the Debtor's bankruptcy estate (the "Trustee"). The Trustee filed this Adversary Proceeding against the Debtor's wife in order to avoid certain alleged transfers under 11 U.S.C. §§ 548 and 550 and Va. Code §§ 55-80, 55-81, 55-82 and 55-82.1 (1950 Code of Virginia Annot.). One of the transferred assets that the Trustee was seeking to recover for the benefit of the bankruptcy estate was a Venture Annuity issued by John Hancock Life Insurance Company, account number 2627691 (the "Annuity").

The Trustee alleged in the Complaint that the Debtor transferred his ownership interest in the Annuity with an approximate value of $161,847 to Shaheen within the two-year period immediately preceding the Petition Date for no consideration and with the actual intent to hinder, delay or defraud his creditors. On May 22, 2013, Shaheen timely filed an Answer to Complaint (the "Answer") in accordance with Bankruptcy Rule 7012(a). In paragraphs 3 and 14 of her Answer, Shaheen admitted that the transfer of the Annuity was void.[2] Shaheen affirmatively stated in her Answer that "at all times she has been ready, willing and able to turn over to the Trustee the [A]nnuity." On September 20, 2013, the Trustee filed a motion for summary judgment (the "Summary Judgment Motion") under Rule 7056 of the Federal Rules of

---

[2] This admission by Shaheen was entirely consistent with the Debtor's asserted position. The Debtor fully disclosed the transferred Annuity on his Schedule B indicating in his statement of financial affairs that the transfer was void and that the Annuity, although titled in the name of Shaheen, was still the Debtor's property.

2

Bankruptcy Procedure. A hearing was scheduled on the Summary Judgment Motion for October 9, 2013. Timely notice of the Summary Judgment Motion and the scheduled hearing thereon was given in accordance with Local Bankruptcy Rule 9013-1(M). Shaheen did not file a response to the Summary Judgment Motion as required by Local Rule 9013-1(H)(3).[3]

On October 1, 2013, counsel for Shaheen filed a motion for leave to withdraw as counsel for the defendant and for a continuance of the trial and hearing dates and for relief from the provisions of the Court's scheduling order (the "Motion to Withdraw). A motion for expedited hearing on the Motion to Withdraw was filed five days later. The Court set a hearing on the motion for expedited hearing at the same time as the scheduled hearing on the Summary Judgment Motion. After conducting hearings on both Motions on October 9, 2013, the Court announced that it was going to grant partial summary judgment in favor of the Trustee for recovery of the Annuity, as there were no material facts in dispute with respect thereto. The Court also indicated that it would grant counsel's Motion to Withdraw. On October 18, 2013, the Court subsequently entered its Order for Turnover of Assets wherein the Court ordered Shaheen to turn over to the Trustee all funds held in the Annuity. Six days later, the Court entered an order authorizing counsel to withdraw from his representation of Shaheen.

A party seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Civil Rule 60(b)"), made applicable to bankruptcy proceedings by Bankruptcy Rule 9024, must establish four threshold requirements: (i) that the motion is timely; (ii) that the movant has a meritorious defense to the action; (iii) that the opposing party would not be unfairly prejudiced by having the judgment set aside; and (iv) that exceptional circumstances warrant the requested

---

[3] Local Rule 9013-1(H)(4) further provides that: "If a response . . . is not timely filed and served, the Court may deem the opposition waived, treat the motion . . . as conceded, and enter an appropriate order granting the requested relief."

3

relief. *AMF Bowling Worldwide, Inc.,* 2013 WL 5575470, *3 (Bankr. E.D. Va. 2013) (citing *Dowell v. State Farm & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the moving party has met the threshold burden, the moving party must then demonstrate satisfaction with one of Civil Rule 60(b)'s six separate grounds for relief. *See id.* "Because [Civil] Rule 60 is an exception to the general policy of favoring finality of judgments, relief is granted only to prevent what would otherwise be a clear miscarriage of justice." *AMF Bowling Worldwide, Inc., supra* (citing *In re Jason,* Case No. 01-10082-SSM, 2005 Bankr. LEXIS 2833, at *14 (Bankr. E.D. Va. Sept. 13, 2005) (*citing Dowell*, 993 F.2d at 48).

Shaheen has failed to establish three of the threshold requirements. First, she has not shown that she has a meritorious defense to the Trustee's claim to the Annuity. To the contrary, the record clearly reflects Shaheen's complete agreement with the Trustee that the Annuity belongs to the Debtor's bankruptcy estate. Based upon Shaheen's affirmative representation that she was ready, willing and able to turn the Annuity over to the Trustee and given Shaheen's failure to reply to the Summary Judgment Motion, the Court decided at the October 9 hearing that Shaheen should immediately surrender the Annuity to the Trustee.[4]

Only one fact has changed between the October 9 hearing and the Hearing on the Motion to Reconsider. That is the engagement of new counsel. While not actually asserting any defense (meritorious or otherwise) to the Trustee's claim of entitlement to the Annuity, new counsel suggests in the Motion to Reconsider that Shaheen may seek leave to amend her Answer in order

---

[4] Shaheen was present at the October 9 hearing. She never voiced any objection, even then, to the Court's Ruling that she immediately surrender the Annuity to the Trustee.

4

to do so.[5] But Shaheen cannot simply change her position in this regard. She would be estopped from taking a new position inconsistent from that which she has previously asserted throughout this litigation. *See Virginia Elec. and Power Co. v. Norfolk Southern Ry. Co.,* 278 Va. 444, 462 (2009) (citing *Bentley Funding Group, L.L.C. v. SK&RGroup, L.L.C.,* 269 Va. 315, 325 (2005)). "[T]he doctrine of judicial estoppel 'or preclusion against inconsistent position, is designed to protect the integrity of the courts and the judicial process.'" *United Virginia Bank/Seaboard Nat. v. B. F. Saul Real Estate Inv. Trust,* 641 F.2d 185, 190 (4th Cir. 1981) (citing *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1177-79 (D.S.C.1975)).

Second, the Trustee will be unfairly prejudiced if the Court's Order for Turnover of Assets is set aside. The Trustee has relied on Shaheen's representation, consistently asserted, that the Annuity properly belongs to the bankruptcy estate. The Trustee has forgone extensive discovery to verify the bona fides of the reissuance and retitling of the Annuity in Shaheen's name. The Trustee would incur significant legal cost if she were forced to re-litigate those issues now at this late stage of the Adversary Proceeding.[6] Furthermore, the administration of the Debtor's bankruptcy estate would suffer significant delay. *See Ruotolo v. City of N.Y.,* 514 F.3d 184, 192 (2d Circ. 2008) ("Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof'").

Finally, Shaheen has not asserted a valid basis for the relief she seeks. Relief under Civil Rule 60(b) may be granted only in unusual circumstances. *See In re Babcock,* 258 B.R. 646, 650 (Bankr. E.D. Va. 2001). No exceptional circumstance has been advanced by Shaheen in support

---

[5] Counsel states that "Shaheen would not file a motion seeking such relief before the undersigned counsel has had the opportunity to fully investigate the facts, to meet with Mr. and Mrs. Shaheen's investment advisors concerning the Annuity, and to review the financial records directly related to the Annuity's acquisition and the reissuance of title."

[6] The Court would note that it has already extended the trial date twice in this case. The original discovery cutoff date established by the Court was June 27, 2013.

5

of her Motion to Reconsider. The retention of new counsel does not give Shaheen the right to start over in this litigation. *See, e.g., Themis Capital, LLC v. Democratic Republic of Congo,* 2013 WL 687198, *4 (S.D.N.Y. 2013) (dissatisfaction with counsel is an unavailing basis for amending). *Davidowitz v. Patridge,* 2010 WL 1779279 at *5 (S.D.N.Y. Apr. 23, 2010) ("[L]itigants are generally bound by the professional conduct of the attorneys they choose to represent them . . ."). Any alleged failures of prior counsel are not grounds for relief under Civil Rule 60(b). *Babcock,* 258 B.R. at 650 (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc., L.P.,* 507 U.S. 380, 393 (1993)).

## Conclusion

For the foregoing reasons, the Court finds that the transfer of the Annuity to Shaheen was a transfer voidable under Chapter 5 of the Bankruptcy Code. The Court finds that given the record in this Adversary Proceeding, it was entirely appropriate to require Shaheen to surrender the Annuity to the Trustee. As the Annuity was properly property of the Debtor's bankruptcy estate, Shaheen cannot demonstrate that she is entitled to relief from the Court's Order for Turnover of Assets entered October 18, 2013. Accordingly, the request for relief under Rule 9024 of the Federal Rules of Bankruptcy Procedure will be denied.

A separate order shall issue.

Entered: Nov 26 2013

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Nov 26 2013

6